IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SCANNED

| | | |
|---|---|---|
| MANUEL ARNULFO SANCHEZ, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00222 |
| | ) | Senior Judge Haynes |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

**MEMORANDUM**

Movant, Manuel Arnulfo Sanchez, a federal inmate, filed this action under 28 U.S.C. § 2255 seeking to correct his sentence. Movant's claims are that based on the inadequate advice of counsel and on the form Judgment in a Criminal Case committing him "to the custody of the United States Bureau of Prisons" and remanding him "to the custody of the United States Marshal," he believed that his federal sentence was to be served concurrently with his state sentence. Movant also asserts that his counsel was ineffective in failing to ask the Court to order the sentences to run concurrently or to decrease the federal sentence by 32 months, so as to give Movant credit toward his federal sentence for time served on his state sentence.

While he was serving a six and a half year sentence in Kentucky for related state crimes, Movant was brought into federal custody in this District for federal prosecution under a writ of *habeas corpus ad prosequendem. United States v. Sanchez*, No. 3:06-cr-00144-17. After Movant pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, the Court sentenced Movant on October 6, 2008 (3:06-cr-00144-17, Docket Entry No. 705) to 120 months. (*Id.*) The Court did not order that Movant's federal

sentence be served concurrent with his state sentence. Movant was paroled from his state

sentence and began his federal sentence on June 18, 2009. (Docket Entry No. 1, at 5–6.)

Respondent has moved to dismiss this action as untimely under the applicable statute of

limitations. Respondent asserts that under the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), a motion pursuant to 28 U.S.C. § 2255 must be filed within a year of the latest

of four circumstances:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Respondent asserts Movant's limitations period commenced with the 2008

judgment in his criminal action became final and thus this action filed in March 2015 is

undoubtedly time-barred.

Movant contends, however, that his Motion is timely when judged by the date on which

he discovered the facts supporting his claim under § 2255(f)(4), or alternatively, that the

limitations period should be equitably tolled in light of extraordinary circumstances. (Docket

Entry No. 6.) Movant alleges that he was misled about the facts of his sentence at the time it was

imposed, and that he first discovered that he was not receiving any federal sentence credit for

time served on his state sentence "[u]pon arriving at a BPO facility and learning that the BOP

would not give him credit for **any** time spent incarcerated prior to June 18, 2009." (Docket Entry No. 1, at 6) (emphasis in original).

Movant further alleges that he did not know that his consecutive sentence was the fault of his defense counsel until August 12, 2014, when the United States District Court for the Eastern District of Kentucky denied him relief he sought under 28 U.S.C. § 2241. In that ruling, the court made clear that Movant's federal sentence had not been ordered to run concurrently with his state sentence, and that when district court does not expressly address the matter, a federal sentence is consecutive to a previous state sentence as a matter of law. *Sanchez v. Butler*, No. 6:14-cv-69-GFVT (W.D. Ky. Aug. 12, 2014) (Docket Entry No. 3, at 8) (Van Tatenhove, J.).

Movant relies on a decision reached by this Court finding a § 2255 motion based on counsel's ineffective failure to achieve a fully concurrent sentence to be timely under § 2255(f)(4) when it was filed within one year of the date on which the BOP denied the movant's final administrative appeal concerning the calculation of his federal sentence. *Gann v. United States of America*, No. 3:12-00747, 2013 WL 1760255 (M.D. Tenn. April 24, 2013). The Court is not persuaded that the reasoning of that case applies to the current motion. In *Gann*, it was significant to the Court's decision that the movant's plea agreement provided for some degree of concurrent sentencing, and that the movant believed his understanding of the structure of his sentence was confirmed at sentencing when "counsel asked the sentencing judge whether Gann's state and federal sentences would run concurrently, and the court answered in the affirmative." *Id.* at *6. The Court expressly tied its ruling to "the unique facts presented" in that case. *Id.* In the present case, however, neither the plea agreement nor the sentencing hearing even mentioned the possibility of concurrent sentencing. (No. 3:06-cr-00144, Docket Entry Nos. 562, 820.) This

case is therefore more similar to *Hodge v. United States*, No. 3:10-00172, 2011 WL 3565227

(M.D. Tenn. Aug. 15, 2011), where the Court found that the facts underlying a claim of counsel's

alleged ineffectiveness for failure to request a sentence adjustment were known (or should have

been known) at the time of sentencing, even though the movant may not have realized their legal

significance until later. *Id.* at *9.

Moreover, the Court in *Gann* was persuaded by the fact that the movant had been diligent

in pursuing his remedies from the time he discovered the basis for his motion. *Gann*, 2013 WL

1760255, at *6. Here, Movant apparently learned that his federal sentence was not calculated to

run concurrent with his state sentence sometime after his transfer to federal custody in June 2009.

Yet, Movant did not take any acts after that discovery until February 2010 – almost eight months

later – when he filed a petition in this Court seeking "special dispensation" of sentence credit

adjustment and a revised release date. (3:06-cr-00144, Docket Entry No. 901.) Notably, the

petition did not mention any belief that the Movant's sentence was intended to be concurrent or

allege any ineffectiveness by counsel. (*Id.*) After this Court instructed Movant by Order entered

May 28, 2010, that changes to his sentence calculation could only be addressed in the district

where he was incarcerated under 28 U.S.C. § 2241, and that he must first exhaust his

administrative remedies (3:06-cr-00144, Docket Entry No. 910), Movant apparently took no

action to pursue those remedies until March 11, 2011 – after almost ten more months of delay.

*See Sanchez v. Butler*, W.D. Ky. No. 6:14-cv-69-GFVT (Docket Entry No. 1-1, at 5) (warden's

response to request for administrative remedy, noting request receipted March 11, 2011). After

his administrative appeals were completely exhausted on February 4, 2014 (*id.* at 14), Movant

delayed more than a month before signing and submitting his § 2241 petition. *Id.* (Docket Entry

-4-

No. 1, at 9) (petition dated March 14, 2014). And finally, after the Eastern District of Kentucky denied relief under § 2241 on August 12, 2014, Movant waited more than six and a half months – until March 2, 2015 – before signing and submitting the current Motion. (Docket Entry No. 1, at 15.)

The Court concludes that the facts forming the basis of the present Motion were either known or should have been known to Movant at the time his federal judgment was entered, and that, accordingly, the statute of limitations applicable to this Motion expired one year later, in 2009. Alternatively, the Court concludes that even if Movant did not discover the facts underlying his claim until he was taken into federal custody in June 2009, and even *assuming* the limitations period should be tolled for the periods during which Movant's motion for special dispensation was pending with this Court, Movant's one-year window still expired in late 2010. The Court finds that once Movant was aware that, contrary to his counsel's advice, his federal sentence had not been structured to run concurrent with his state sentence, there is no merit to his argument that he was not on notice of the basis for his ineffective-assistance claim until the Eastern District of Kentucky dismissed his § 2241 petition.

The only remaining question, therefore, is whether Movant should benefit from equitable tolling as a result of the allegedly bad advice of counsel and/or his resulting confusion about his sentence. AEDPA's one-year statute of limitations may be subject to equitable tolling under appropriate circumstances, allowing courts to review otherwise time-barred habeas petitions where the failure to file in a timely fashion "unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012); *accord Holland v. Florida*, 460 U.S. 631, 645 (2010). To be entitled to equitable tolling, a

petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). This is a fact-intensive inquiry to be evaluated on a case-by-case basis, and a petitioner carries "the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Keeling*, 673 F.3d at 462.

Movant has not established the sort of extraordinary circumstances necessary to satisfy this standard. Moreover, the history of lengthy delays recited above demonstrates that Movant has not pursued his rights in this matter diligently. Accordingly, Movant is not entitled to equitable tolling of the limitations period, and his Motion should be dismissed as time-barred.

An appropriate Order is filed herewith.

ENTERED this the _18_ day of _September_, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge